UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Chris Anthony Williams,<br><br>                             Petitioner,<br><br>v.<br><br>Stuart Sherman, et al.,<br><br>                           Respondents. | Case No.: 17-cv-1064-AJB-PCL<br><br>**ORDER:**<br><br>**(1) ADOPTING THE REPORT AND RECOMMENDATION; AND**<br><br>**(2) DENYING PETITIONER'S WRIT OF HABEAS CORPUS**<br><br>(Doc. Nos. 1, 16) |

     Presently before the Court is Petitioner Joseph Williams' writ of habeas corpus. (Doc. No. 1.) The Court referred the matter to Magistrate Judge Peter C. Lewis for a Report and Recommendation ("R&R"). (Doc. No. 16.) The R&R recommends (1) approving and adopting the R&R; and (2) dismissing Williams' habeas petition. (*Id*. at 9.) The parties were instructed to file written objections to the R&R by February 9, 2018. (*Id*. at 9–10.) Williams filed a statement of non-objection. (Doc. No. 17.)

     Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district judge's duties in connection with a magistrate judge's R&R. The district judge must "make a de novo determination of those portions of the report . . . to which objection is made[,]" and "may accept, reject, or modify, in whole or in part, the findings or recommendations

1

made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). However, in the absence of objection(s), the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee note to the 1983 amendment; *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

Neither party has filed objections to Magistrate Judge Lewis's R&R. Having reviewed the R&R, the Court finds it thorough, well-reasoned, and contains no clear error. Accordingly, the Court hereby: (1) **ADOPTS** Magistrate Judge Lewis's R&R; and (2) **DENIES** Petitioner's petition for writ of habeas corpus.

When a district court enters a final order adverse to the applicant in a habeas corpus proceeding, it must either issue or deny a certificate of appealability, which is required to appeal a final order in a habeas corpus proceeding. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability is appropriate only where the petitioner makes "a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 330 (2003) (quoting 28 U.S.C. § 2253(c)(2)). Under this standard, the petitioner must demonstrate that "reasonable jurists could debate whether [] the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (citation and internal quotation marks omitted). Here, the Court finds that reasonable jurists could not debate the Court's conclusion to dismiss with prejudice Petitioner's claims and therefore **DECLINES** to issue a certificate of appealability. The Court Clerk is directed to **CLOSE** this case.

**IT IS SO ORDERED**.

Dated:  February 12, 2018

Hon. Anthony J. Battaglia
United States District Judge